IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MORGAN MORALES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Cause No. 3:20-CV-00148 |
| | § | |
| **SAMUEL ESCANDON,** | § | |
| **HGS HEALTHCARE, LLC, AND** | § | |
| **HINDUJA GLOBAL SOLUTIONS,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendants HGS Healthcare, LLC ("HGS") and Hinduja Global Solutions, Inc. ("Hinduja Inc.") collectively "Defendants," file this Notice of Removal removing Cause No. 2020-DCV-1348 from the 205th District Court, El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

**I.  PROCEDURAL BACKGROUND**

1. On April 20, 2020, Plaintiff Morgan Morales ("Plaintiff") filed her "Original Petition" against Defendants and Samuel Escandon ("Escandon") in the 205th District Court, El Paso County, Texas styled *Morgan Morales v. Samuel Escandon, HGS Healthcare, LLC, and Hinduja Global Solutions, Inc.*, 2020-DCV-1348. In her Original Petition, Plaintiff alleges that she was sexually harassed while at work in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"). Specifically, she claims her supervisor Escandon:

> [F]requently and regularly made sexually harassing comments like Plaintiff was a sexy, bad girl, but she needed to be a good girl and that she needed to put her tongue away unless she was going to use it because he could really use some tongue right now.

1

Orig. Pet. ¶ 11. She also claims, as part of the harassment, that Escandon "physically assaulted" her when he allegedly "grabbed Plaintiff, hugged Plaintiff, laid his head on her chest, and made Plaintiff so uncomfortable to the point where she no longer wanted to come to work and it interfered with her work." *Id.* ¶ 12. Plaintiff claims she "opposed the sexual harassment" by reporting it to Human Resources. *Id.* ¶ 13. She then claims she was discharged in retaliation for her alleged complaint. *Id.* ¶ 15.

2. In addition to her claims under Chapter 21, Plaintiff also asserts a claim for negligent hiring against HGS and Hinduja, Inc. *Id.* ¶ 20. She claims HGS and Hinduja, Inc. were negligent in hiring and retaining Escandon, the person who allegedly harassed her. *See id.*

3. Moreover, Plaintiff asserts a claim for assault against Escandon. ¶ 17. Plaintiff claims in the Petition that she was "sexually assaulted at work" based on the alleged conduct by Escandon. She also states in conclusory fashion that the alleged sexual assault is "separate and distinct from and in addition to the sexual harassment Plaintiff suffered at work." *Id.*

4. Plaintiff served her Original Petition on Escandon on April 22, 2020, and HGS and Hinduja, Inc. on April 24, 2020. This removal is thus timely filed. True and correct copies of all pleadings served on Defendants are attached hereto.

## II.   DIVERSITY JURISDICTION

### A. There is Complete Diversity of Citizenship Between Plaintiff and HGS and Hinduja Inc.

5. The District Courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that HGS and Hinduja, Inc. are now, and at the time the action was filed, diverse in citizenship from Plaintiff. Upon information and belief, Plaintiff is a resident of El Paso County, Texas and a citizen of the State of Texas. *See* Pl.'s Orig. Pet. ¶ 2. HGS is single-member limited liability company whose sole member is HGS (USA) LLC,

USA. HGS (USA) LLC, USA is also a single-member limited liability company whose sole member is Hinduja Global Solutions, Inc. USA. Hindjua Global Solutions, Inc. USA is incorporated in Delaware and has its principal place of business in Illinois. Thus, there is complete diversity of citizenship between Plaintiff and Walmart.

### B.  Escandon is Improperly Joined

6. Although Escandon is a non-diverse defendant, his citizenship must be disregarded because he has been improperly joined in this case to obstruct the Court's diversity jurisdiction.

#### 1. *Improper Joinder standard*

7. In order to establish improper joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). Under the latter method, if the court finds that there is no "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," then that in-state defendant is improperly joined. *Id.* (quoting *Smallwood*, 385 F.3d at 573).

8  "[T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). In analyzing a 12(b)(6) motion, courts apply the pleading standard enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

9. In *Iqbal* and *Twombly*, the Supreme Court outlined the pleading requirements necessary to survive a motion to dismiss. Rule 8(a)(2) requires "only a 'short and plain statement

of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "does not need detailed factual allegations," *id.*, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

10. This pleading standard applies when the Court determines whether Plaintiff improperly joined Escandon to this lawsuit. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 202-208 (5th Cir. 2016) (stating that courts must apply federal pleading standard to actions removed based on improper joinder).

11. As discussed below, Plaintiff's assault claim against Escandon would not survive a 12(b)(6) motion. He is therefore improperly joined.

### C. Plaintiff cannot maintain her assault claim against Escandon

12. Plaintiff's assault claim fails because Chapter 21 preempts that claim. Two distinct features of Chapter 21 are relevant here. First, there is no individual liability under Chapter 21. *See Anderson v. Houston Comm. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.]

2015, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under [Chapter 21].").

13. Second, under *Waffle House, Inc. v. Williams*, Chapter 21 preempts all negligence actions when the complained of negligence is "entwined with the complained of harassment." 313 S.W.3d 796, 799 (Tex. 2010). The Texas Supreme Court reached that result because the Legislature—in enacting Chapter 21—established an "elaborately crafted statutory scheme, a scheme that . . . incorporates a legislative attempt to balance various interests and concerns of employees and employers," including requiring that employees first raise their claims with the Texas Workforce Commission and subjecting discrimination claims to certain damages caps and limitations. *Id.* at 804-807.

14. Allowing common law claims that are "predicated on the same conduct that underlay [Chapter 21] claim[s]," *id.* at 803, alongside claims under Chapter 21 would circumvent "[t]his meticulous legislative design" because employees could avoid the administrative filings requirements, damages caps, and limitations simply by filing common law claims rather than under Chapter 21. *Id.* at 805 ("This meticulous legislative design is circumvented when a plaintiff brings a common-law cause of action for conduct that is actionable under [Chapter 21].").

15. For that reason, the Supreme Court held that Chapter 21 preempts all common law claims arising out of the same conduct used to support a claim of discrimination under Chapter 21. *See id.* at 813 (holding that Chapter 21 preempts negligent hiring and retention claim).

16. In this case, Plaintiff makes clear that the alleged assault is part and parcel of her sexual harassment claim and the two are intertwined. In her Petition, she begins the description of her Chapter 21 harassment claim by stating that Escandon "sexually harassed" her. *See* Pl.'s Orig. Pet. ¶ 11. She then uses the next two paragraphs to describe that harassment. She describes how

he allegedly made sexual comments to her, and, immediately after describing those comments, Plaintiff states that he "also physically assaulted Plaintiff" by grabbing her, hugging her, and placing his head on her chest. *Id.* ¶ 12. She claims the physical touching was so bad, "it interfered with her work." *Id.* After describing the alleged comments and touching, Plaintiff claims she "opposed the sexual harassment" by reporting it to Human Resources. *Id.* ¶ 13.

17. Without question, the conduct underlying Plaintiff's assault claim is the same conduct used to support her claim that she was sexually harassed. Indeed, Plaintiff claims the alleged assault "interfered with her work." To establish assault, Plaintiff does not need to prove that the assault "interfered with her work." *See Umana v. Kroger Tex., LP*, 239 S.W.3d 434, 436 (Tex. App.—Dallas 2007, no pet.) (outlining elements for assault). By claiming the assault interfered with her work, Plaintiff clearly intended to show that the assault also constitutes sexual harassment. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 138 (Tex. 2015) (stating that "sexual harassment is actionable only if it . . . alter[s] the conditions of the victim's employment and create[s] an abusive working environment" by "unreasonably *interfer[ing] with an employee's work performance*") (internal quotations omitted; emphasis added).

18. Because the alleged assault is intertwined with and makes up part of Plaintiff's Chapter 21 harassment claim, Chapter 21 preempts the assault claim. Plaintiff cannot repackage a sexual harassment claim into one for assault against an individual to bypass Chapter 21's administrative requirements and to perform an end-run around Chapter 21's proscription against individual liability. *See Waffle House*, 313 S.W.3d at 803 (finding that Chapter 21 preempts common law claims "predicated on the same conduct that underlay [Chapter 21] claim[s]"); *Roane v. Dean*, 2020 WL 2078252, at *5-*6 (Tex. App.—Austin 2020, no pet. h.) (holding that Chapter 21 preempted common law intentional infliction of emotional distress claim against individual);

*Cristan v. BayerCropScience, LP*, 2010 WL 11619676, at *2 (N.D. Tex. 2010) (denying motion to remand and holding that Chapter 21 preempted negligence claims against individual); *Pruitt v. Int'l Assoc. of Fire Fighters*, 366 S.W.3d 740, 749-750 (Tex. App.—Texarkana 2012, no pet.) (finding that Chapter 21 preempted common law claims against individuals for IIED, breach of fiduciary duty, and tortious interference with employment relations because "Pruitt intended to use facts relating to racial discrimination to support his common-law causes of action").

19. Plaintiff attempts to avoid that conclusion by claiming that the "assault is separate and distinct from and in addition to the sexual harassment Plaintiff suffered at work." *See* Pl.'s Orig. Pet. ¶ 17. Plaintiff cites *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276 (Tex. 2017) for support. *Id.*[1]

20. In *Steak N Shake*, the plaintiff asserted a single claim for assault against her employer after an employee sexually assaulted her on one occasion. *See Steak N Shake*, 512 S.W.3d at 277-279. The employer argued that Chapter 21 preempted the claim under *Waffle House*, but the Texas Supreme Court did not agree. Instead, the court held that because the gravamen of the complaint was sexual assault—and not harassment—Chapter 21 did not preempt the claim. *Id.* at 277. The court reached that conclusion for three reasons.

21. First, the court noted that, unlike *Waffle House*, there was a "difference in the severity and frequency of the assailant's conduct." *Id.* at 280 (noting that *Steak N Shake* involved a "single violent assault" and *Waffle House* involved "six months of boorish behavior"). Second,

---

[1] The Court should not accept Plaintiff's attempt to invoke *Steak N Shake* by asserting that her assault claim is "separate and distinct" from her harassment claim. Plaintiff cannot, in conclusory fashion and without factual support, designate her assault claim as separate and distinct. She needs to provide factual support for her claims, and she has not done that. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). In any event, *Steak N Shake* does not apply as discussed above.

7

each case involved a "difference in the nature of the claims themselves." *Id.* at 281 (stating that "some of Williams's harasser's behavior was repackaged for the assaultive components to provide Williams the means to secure a common law recovery" whereas *Steak N Shake* involved only the assault claim). Third, the court noted the difference in the "fundamental theory of liability." *Id.* at 281-282 (holding that, *in Waffle House*, proving Waffle House's negligence required the same factual predicate for proving a hostile work environment" whereas the assault claim in *Steak N Shake* did not). Indeed, in *Steak N Shake*, the only claim pled at the Supreme Court was assault— Chapter 21 was not one of the plaintiff's claims. *Id.* at 278-279.

22. In short, the gravamen of the claim in *Steak N Shake* was assault whereas in *Waffle House* it was harassment. *Id.* at 277 ("We hold that where the gravamen of a plaintiff's claim is not harassment, but rather assault, as it is here, [Chapter 21] does not preempt the plaintiff's common law assault claim.").

23. In this case, the gravamen of Plaintiff's claim is harassment. Unlike in *Steak N Shake*, Plaintiff did not assert a single claim for assault. She instead asserted a claim for harassment and retaliation under Chapter 21 *along with* a claim for assault that is predicated on the *same* conduct that will also support her harassment claim. In other words, Plaintiff sued her employer for harassment under Chapter 21 and, using those same facts, she also sued Escandon.

24. Plaintiff cannot circumvent Chapter 21's rules preventing individual liability by suing an individual for the same conduct that makes up her harassment claim. *See Waffle House*, 313 S.W.3d at 805 ("This meticulous legislative design [of Chapter 21] is circumvented when a plaintiff brings a common-law cause of action for conduct that is actionable under [Chapter 21]."). For that reason, Escandon is fraudulently joined.

25. Moreover, even if Plaintiff's assault claim against Escandon were truly separate and distinct from her sexual harassment claim such that they did not overlap factually, Escandon would still be improperly joined because the claims would then not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A) (permitting joinder when "there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences"); *Crockett v. RJ Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("Texas has adopted the same requirements for proper joinder.") (citing Tex. R. Civ. P. 40(a)). Therefore, Escandon would still be improperly joined.

26. Further demonstrating that Escandon is improperly joined is the fact that Plaintiff cannot hold Defendants vicariously liable for Escandon's assault. *See Wren v. GATX Logistics, Inc.*, 73 S.W.3d 489, 493-495 (Tex. App.—Fort Worth 2002, no pet.) (holding that employer could not be held liable for employee's assault and noting "[a]s a general rule in Texas, an employer cannot be vicariously liable for the intentional torts of assault or battery perpetrated by its employee because such acts are not ordinarily within the course and scope of an employee's authority or employment"). Because Plaintiff cannot (and has not sought to) hold Defendants liable for Escandon's alleged assault, Plaintiff's assault claim does not arise out of the same transaction or occurrence as her claims against Defendant. Therefore, Plaintiff cannot join unrelated claims in an effort to avoid removal. Escandon is not a proper party to this lawsuit.

**B.   The Amount In Controversy Requirement Is Met**

27. Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting

*DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). In her Original Petition, Plaintiff pleads that she is seeking "monetary relief over $1,000,000.00 . . . ." Pl.'s Orig. Pet. ¶ 22. Thus, it is apparent from the face of Plaintiff's Original Petition that the amount-in-controversy in this case exceeds $75,000.

28. Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III.   PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

29. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

30. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendants will also promptly file a copy of this Notice of Removal with the Clerk of the 205th District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

31. True and correct copies of all process, pleadings, and the orders served upon Defendants in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

32. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

Accordingly, Defendants hereby remove Cause No. 2020-DCV-1348 from the 205th District Court, El Paso County, Texas on this 22nd day of May, 2020.

                Respectfully submitted,

                KEMP SMITH LLP
                P.O. Box 2800
                El Paso, Texas  79999-2800
                (915) 533-4424
                (915) 546-5360  (Fax)

By:    */s/ Clara B. Burns*
        CLARA B. BURNS
        State Bar No. 03443600.
        Clara.Burns@kempsmith.com
        JOSE A. GONZALEZ
        State Bar No. 24067670
        Abe.Gonzalez@kempsmith.com

        Attorneys for Defendants HGS Healthcare, LLC and Hinduja Global Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Brett Duke, Brett Duke, P.C., 6350 Escondido Dr., Ste. A-14, El Paso, Texas 79912 and Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., 707 Myrtle, El Paso, Texas 79901 on the 22nd day of May, 2020.

| | |
|---|---|
| ☐ | Regular Mail, Postage Prepaid |
| ☐ | Hand Delivery |
| X | Certified Mail, Return Receipt Requested |
| ☐ | Electronic Transmission:  brettduke@brettduke.com |
| ☐ | daniela@labinotilaw.com |
| ☐ | Facsimile Transmission: |

                */s/ Jose A. Gonzalez*
                JOSE A. GONZALEZ