# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **HGS HEALTHCARE, LLC**, which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at, 1999 BRYAN STREET, SUITE 900,  DALLAS, TX 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure to Each Defendant, Interrogatories to Each Defendant, and Request for Production to Each Defendant** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **205th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 20th day of April, 2020, by Attorney at Law BRETT DUKE, 6350 ESCONDIDO DR, STE A-14, EL PASO, TX 79912 in this case numbered **2020DCV1348** on the docket of said court, and styled:

**Morgan Morales**
vs
**Samuel Escandon, HGS Healthcare, LLC, and Hinduja Global Solutions, Inc.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure to Each Defendant, Interrogatories to Each Defendant, and Request for Production to Each Defendant** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 21st day of April, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ ,Deputy
JoAnn Acosta

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2020, at _____ I mailed to _____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition, Request for Disclosure to Each Defendant, Interrogatories to Each Defendant, and Request for Production to Each Defendant attached thereto.

*NAME OF PREPARER                           TITLE

ADDRESS

CITY                          STATE               ZIP

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided: _____


El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

El Paso County - 205th District Court

Case 3:20-cv-00148-PRM   Document 1-3   Filed 05/22/20   Page 3 of 26

Filed 4/20/2020 3:17 PM
Norma Favela Barcelea
District Cler
El Paso Count
2020DCV134

MORGAN MORALES,

      Plaintiff,

v.

SAMUEL ESCANDON,
HGS HEALTHCARE, LLC, and
HINDUJA GLOBAL SOLUTIONS, INC.,

      Defendants.

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO EACH DEFENDANT, INTERROGATORIES TO EACH DEFENDANT, AND REQUEST FOR PRODUCTION TO EACH DEFENDANT

### Discovery Level

1.    Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.4 – Level 3.

### Parties

2.    Plaintiff Morgan Morales is a female individual and Citizen of the State of Texas. Plaintiff is an employee as defined by section 21.002(7) of the Texas Labor Code.

3.    Defendant Samuel Escandon is a male individual and Citizen of the State of Texas that may be served with process at his place of employment 8465 Gran Vista, El Paso, TX 79907, his abode, or wherever he may be found.

4.    Defendant HGS Healthcare, LLC, is a limited liability company that may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. This Defendant is an employer as defined by section 21.002(8) of the Texas Labor Code.

5.    Defendant Hinduja Global Solutions, Inc., is a corporation that may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX

75201-3136. This Defendant is an employer as defined by section 21.002(8) of the Texas Labor Code.

6.      Defendants HGS Healthcare, LLC and Hinduja Global Solutions, Inc. are collectively referred to as HGS.

### Exhaustion of Administrative Procedures

7.      Plaintiff complied with all necessary administrative prerequisites. Plaintiff timely filed her Charge of Discrimination, 180 days have elapsed, and timely filed this original petition.

### Jurisdiction and Venue

8.      This suit is brought and jurisdiction lies pursuant to Texas common law and Section 21.254 of the Texas Labor Code. The United States District Courts do not have subject matter jurisdiction because there is no federal-question jurisdiction and there is no diversity jurisdiction. This action properly lies in El Paso County, Texas, where the assaults and the unlawful employment practices occurred. This is not a legal action against any Defendant for any Defendants' exercise of the right of free speech, right to petition, or right of association. This is a legal action for discrimination and retaliation in violation of the Texas Labor Code and common law.

### Facts

9.      HGS hired Plaintiff in January 2019 in incoming calls assurance.

10.     HGS discriminated against Plaintiff and subjected her to sexual harassment and a hostile work environment because of her sex, female.

11.     Beginning in about June 2019, Plaintiff was sexually harassed by her supervisor, Samuel Escandon, while at work. He frequently and regularly made sexually harassing comments like Plaintiff was a sexy, bad girl, but she needed to be a good girl and that she needed to put her tongue away unless she was going to use it because he could really use some tongue right now.

2

12.     Escandon also physically assaulted Plaintiff.  He intentionally or knowingly threatened Plaintiff with imminent bodily injury that caused her injury.  He had a conscious desire to cause a certain result.  He made overt acts showing that the threat of bodily injury was imminent in the present.  He grabbed Plaintiff, hugged Plaintiff, laid his head on her chest, and made Plaintiff so uncomfortable to the point where she no longer wanted to come to work and it interfered with her work.  He targeted and singled Plaintiff out.

13.     Plaintiff opposed the sexual harassment, that was severe and pervasive, by reporting it the HR department of HGS, including in writing, on August 21, 2019, telling them she just wanted it to stop.  Another person wrote an anonymous note upon Plaintiff's behalf to the HR department of HGS opposing the sexual harassment.  Plaintiff met with members of the HR department and discussed the sexual harassment.  Plaintiff also opposed the sexual harassment by reporting it to the project manager.

14.     On August 22, 2019, another supervisor told Plaintiff about sexual harassment by Escandon and she was afraid.

15.     In retaliation for opposing the sexual harassment, HGS further subjected Plaintiff to a hostile work environment and then discharged Plaintiff on September 16, 2019.

16.     HGS failed to exercise reasonable care to prevent and promptly correct the sexually harassing behavior even though Plaintiff sought to take advantage of preventative or corrective opportunities to avoid harm.

## Count I
## Assault

17.     Plaintiff was sexually assaulted at work.  Plaintiff was assaulted at work.  This assault is separate and distinct from and in addition to the sexual harassment Plaintiff suffered at work. *See*

3

*e.g. B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276 (Tex. 2017).  Escandon intentionally and/or knowingly threatened Plaintiff with imminent bodily injury.  Escandon intentionally and/or knowingly caused physical contact with Plaintiff when he knew and/or should reasonably believe that Plaintiff would regard the contact as offensive and/or provocative.  He acted intentionally, knowingly, and recklessly.  He threatened Plaintiff with imminent bodily injury.  His threats caused injury to Plaintiff.

## Count II
### Discrimination because of Sex

18.     HGS violated section 21.051 of the Texas Labor Code.  As detailed above, HGS committed unlawful employment practices because HGS discriminated against and intentionally discriminated against Plaintiff because of Plaintiff's sex and gender, female, the motivating factor for HGS discriminating against her, subjecting her to a hostile work environment, and discharging her.

## Count III
### Retaliation

19.     HGS violated 21.055 of the Texas Labor Code.  As detailed above, HGS committed unlawful employment practices because HGS retaliated against Plaintiff and intentionally retaliated against and discriminated against Plaintiff because of her opposition to a discriminatory practice, filing of a charge of discrimination, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.  HGS's retaliation against Plaintiff resulted in even more of a hostile work environment and ultimately in Plaintiffs' discharge.

## Count IV
### Negligence

20.     HGS was negligent.  HGS was negligent in hiring, supervising, training, and retaining

employees, including the one that sexually harassed Plaintiff. As an employer, HGS owed Plaintiff a legal duty to hire, supervise, train and retain competent employees. As an employer, Defendant owed Plaintiff a legal duty to prevent and to stop the sexual harassment. HGS breached its duties. HGS's breach proximately caused Plaintiff's injuries and damages. Because Defendant's management level employees knew or should have known of the hostile work environment and also because the sexual harasser was Plaintiff's supervisor, HGS is directly and presumed liable for the sexual harassment.

### Damages

21.     As a direct and proximate result of the Defendants' assault, discrimination, hostile work environment, retaliation, and negligence, Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

22.     Pursuant to Texas Rule of Civil Procedure 47(c)(1), Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and states that Plaintiff seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems herself entitled. This statement is made solely to comply with Texas Rule of Civil Procedure 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

### Punitive Damages

23.     Pursuant to section 41 of the Texas Civil Practice and Remedies Code and section 21.2585 of the Texas Labor Code, Plaintiff is entitled to recover punitive damages from Defendants for their actions as set forth above. Defendants acted with malice and engaged in discriminatory practices with malice and reckless indifference to the state protected rights of Plaintiff. Plaintiff

5

seeks punitive damages in an amount to be determined by the jury.

## Attorney Fees, Court Costs, and Expert Fees

24.     Pursuant to section 21.259 of the Texas Labor Code, Plaintiff is entitled to attorney fees, costs of court, and expert fees.

## Conditions Precedent

25.     All conditions precedent have been performed or have occurred.

## Jury Demand

26.     Trial by jury is demanded and the applicable fee is paid.

## Prayer

27.     For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and, on final trial, that Plaintiff has judgment against Defendants, for a sum within the jurisdictional limits of this Court, for the following:

a.      general damages;

b.      special damages;

c.      punitive damages as determined by the jury;

d.      prejudgment interest as provided by law;

e.      postjudgment interest as provided by law;

f.      attorney fees, expert fees, court costs and all costs of suit; and

g.      such other and further relief at law and equity to which Plaintiff may be justly entitled at law and equity.

## REQUEST FOR DISCLOSURE TO EACH DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## FIRST SET OF INTERROGATORIES TO EACH DEFENDANT

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.  Parties. The term "Plaintiff' or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.  Person. The term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3.  Document. The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4.  Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.  Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6.  Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (I) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7.  Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8.  All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

9.  Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8

10.     And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     "You" or "your" means defendant individually and successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of you or its successors, predecessors, divisions, and subsidiaries.

12.     Number. The use of the singular form of any word includes the plural and vice versa.

13.     Unless otherwise indicated, the scope of time for responding to these discovery requests is from January 1, 2015 through the present and to your business in the State of Texas.

14.     These requests do not seek privileged material.

### Interrogatories

1.     Identify by name, last known address, telephone number and job title, Plaintiff's immediate supervisor or supervisors and all others with successive authority over Plaintiff and Plaintiff's work while employed with you.

Answer:

2.     Identify, describe and provide the amounts of all pay rates, wages, and employment benefits, e.g., medical insurance, dental insurance, workers' compensation insurance, other insurance, 401K plan benefits, pension benefits, etc., provided to or available to Plaintiff just before separated or discharged from employment. If the value of Plaintiff's benefits can be stated as a percentage of Plaintiff's salary or wages please do so.

Answer:

3.     Identify by name, last known address, last known telephone number and job title the persons with knowledge of the reasons or circumstances surrounding Plaintiff's separation or discharge of employment from you.

Answer:

4.     Identify by name, last known address, telephone number and job title the person or persons who made the decision to discharge Plaintiff or to otherwise separate Plaintiff from employment from you.

Answer:

5.     Identify by name, last known address, telephone number and job title, the persons, other

9

than those identified in the immediately preceding Interrogatory, who approved, authorized or ratified the decision to discharge Plaintiff or to, otherwise, separate Plaintiff from employment.

Answer:

6.    Identify by name, last known home address, home telephone number, and sex, the persons who replaced Plaintiff.

Answer:

7.    With regard to any witness whom you may call as expert witnesses in the trial of this case through live testimony or by deposition, please identify the expert, and for each such expert, state the following:

    a.    the subject matter on which the expert is expected to testify;
    b.    the summary of the facts, opinions and mental impressions to which the expert is expected to testify;
    c.    the basis, hypothesis, tests, experiments, calculations or formulas on which the expert's opinion is based; and
    d.    each test, experiment, or report done, attempted, undertaken, written, or completed by such expert.

Answer:

8.    State the names, addresses, telephone numbers, official titles, if any, and other identification information of all witnesses now known to you who will be called upon to testify, followed by a brief description of the nature and substance of the testimony which it is expected will be given by each such witness, and if any such prospective witnesses are related to you, state the relationship.

Answer:

9.    State the names, addresses, telephone numbers, official titles, if any, and other identification information of all persons known to you with knowledge of relevant facts, including information or knowledge of any fact or record relating to the subject of this litigation, including, but not limited to, allegations you separated or discharged Plaintiff's employment, discriminated against Plaintiff's, and/or retaliated against Plaintiff.

Answer:

10.    Identify every person who alleged they were sexually harassed, discriminated against and/or retaliated against by you, or one of your employees or representatives, including but not limited to Samuel Escandon.

Answer:

10

11.    Identify all persons who investigated the discrimination, sexual harassment, and/or retaliation allegations of Plaintiff.

Answer:

12.    Identify by name, last known address, telephone number and job title, all persons who complained about Plaintiff, including about job performance.

Answer:

13.    Describe all claims, complaints, charges, and/or lawsuits filed against Defendants concerning gender discrimination, sexual harassment, or retaliation since January 1, 2015.

Answer:

14.    Describe any background investigation done by you on Samuel Escandon.

Answer:

15.    Describe any complaints concerning Samuel Escandon made while employed with you.

Answer:

16.    Describe any complaints of discrimination, sexual harassment, and/or retaliation made by Plaintiff while employed by you.

Answer:

17.    If you contend any of Plaintiff's allegations are not true, describe the factual basis for your contention.

Answer:

18.    State the factual basis of each of your affirmative defenses.

Answer:

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO EACH DEFENDANT

Plaintiff serves this first set of requests for production on each Defendant pursuant to Texas Rule of Civil Procedure 196. The documents must be produced within 30 days of service of this request, at the law office of Brett Duke, P.C., 6350 Escondido Dr., El Paso, Texas 79912.

### INSTRUCTIONS

1.     Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.     For each document or other requested information that defendants assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3.     For each document defendants claim is not discoverable, state the information required by the definition of "document" below, and in addition state the following: (a) the author's job title and address; (b) the recipient's job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title, and address of the person now in possession of the document; and (e) the document's present location.

4.     For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.     Parties. The term "Plaintiff or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.     "You" or "your" means Defendant including any successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of defendant, or any successors, predecessors, divisions, and subsidiaries.

3.     Person. The term "person" is defined as any natural person, any business, a legal or

12

governmental entity, or an association.

4.     Document.  The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

5.     Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.     Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7.     Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

8.     Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.     All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

10.     Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     Number. The use of the singular form of any word includes the plural and vice versa.

13.     Scope of Requests.  Unless otherwise indicated, the scope of these requests are January 1, 20-15, to the present and your business in the State of Texas.

14.     These requests do not seek the production of privileged documents.

13

## Request for Production

1. Provide Plaintiff's complete personnel file, including employee evaluations and any worker's compensation, medical, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

Response:

2. Provide Samuel Escandon's personnel file, including employee evaluations, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to his employment with you, regardless of whether such information is maintained in different locations, files or folders.

3. Provide all documentation, whether written or electronic, showing Plaintiff's payroll history, payroll, or pay and the amount or value of Plaintiff's employment benefits, e.g. medical insurance, dental insurance, worker's compensation insurance, 401K benefits, etc., for the duration of all employment periods with you, including but not limited to the COBRA letter, if any, sent to Plaintiff.

Response:

4. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Plaintiff at the time of hiring or during the course of employment with you relating to discrimination in the work place and or investigations thereof including but not limited to those on account of sex and retaliation.

Response:

5. Provide any and all of your Employee Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies which you apply to your El Paso, Texas employees.

Response:

6. Provide a copy of your policies and procedures relating to any actions taken or to be taken by you in response to a claim of discrimination, sexual harassment and/or retaliation by an employee, including, your policies or procedures for investigating such claims of discrimination, sexual harassment, and/or retaliation in the work place, including but not limited to those on account of sex.

Response:

14

7. Provide all company or internal memoranda including e-mails by or between you, your agents, and employees, except those documents covered by the attorney-client privilege, on the subject of Plaintiff.

Response:

8. Provide all company or internal memoranda including e-mails by or between you, your agents, and employees, except those documents covered by the attorney-client privilege, on the subject of the investigation into Plaintiff's claims of discrimination, sexual harassment, and/or retaliation.

Response:

9. Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to your employees regarding sex discrimination, sexual harassment, and/or retaliation.

Response:

10. If your employees or agents have received any training via courses or classes regarding sex discrimination, sexual harassment, and/or retaliation, provide all documentation showing attendance in such courses or classes and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

Response:

11. Provide all documents, including company or internal memoranda and e-mails by or between you, your agents or employees, except those documents privileged under the attorney-client privilege, regarding Plaintiff's hiring, benefits, layoff, discharge or separation from your employment and regarding every disciplinary action taken against Plaintiff.

Response:

12. Provide all documentation evidencing or showing disciplinary actions, if any, against the person or persons identified in Interrogatories Nos. 4 and 5, on account of any action taken by you regarding Plaintiff, including layoff, discharge or separation from your employment.

Response:

13. Provide a copy of any and all documents signed or adopted by Plaintiff regarding employment conditions with you.

Response:

14. Provide a copy of all documents describing Plaintiff's job duties or essential job functions for all positions held while employed by you.

15

Response:

15.   Provide a copy of all documentation constituting or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mails between you, your agents, and employees and any investigator relating to Plaintiff's employment, taxes, benefits, and/or report of discrimination and/or retaliation.

Response:

16.   Provide a copy of all documentation constituting, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between you, your agents or employees and any state governmental agency, including the Texas Workforce Commission, relating to Plaintiff, Plaintiff's employment, taxes, benefits, and/or report of discrimination and/or retaliation.

Response:

17.   Provide a copy of all documentation, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between you, your agents or employees and any federal governmental agency, including the Equal Employment Opportunity Commission, relating to Plaintiff's employment, taxes, benefits, and or report of discrimination and/or retaliation.

Response:

18.  Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

Response:

19.  Produce copies of all transcripts of testimony previously provided by any individual listed by you as an expert witness.

Response:

20.  Produce all treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

Response:

21.  Produce all invoices, bills, and other billing materials for each expert expected to testify at trial.

Response:

22.  Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit, including but not limited to, allegations you discriminated and/or retaliated against Plaintiff and Plaintiff was assaulted.

Response:

23.  Produce copies of all complaints and lawsuits in any action filed against you in which the allegations are similar to those of this suit, including, but not limited to, allegations you discriminated against or retaliated against employees.

Response:

24.  Produce copies of all claims and complaints made against you for damages similar to those alleged in this suit, including, but not limited to, allegations you, or any of your employees or representatives, discriminated against employees on the basis of sex and/or retaliation.

Response:

25.  Produce all statements made by you or your representatives relating the subject matter of this suit, including, but not limited to, allegations you, or your employees or representatives, discriminated against Plaintiff on the basis of sex and/or retaliation.

Response:

26.  Produce all statements made by Plaintiff or representatives relating the subject matter of this suit.

Response:

27.  Produce all statements made by any person or their representatives relating the subject matter of this suit, including, but not limited to, allegations you, or your employees or representatives, discriminated against employees on the basis of sex and/or retaliation.

Response:

28.  Produce all statements made by any person having knowledge of facts relating this suit, including, but not limited to, allegations you discriminated against Plaintiff on the basis of sex and/or retaliated against Plaintiff.  If you claim that any statement in your possession is privileged or in some manner exempt from discovery, state the date on which it was taken, from whom it was taken, by whom it was taken, and the basis of your claim that it is privileged or exempt from discovery.

Response:

29. Produce all documents that contain impeachment or rebuttal evidence.

Response:

30. If you contend that Plaintiff has not performed all conditions precedent to file this suit or that all conditions precedent necessary for filing this suit did not occur, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding this contention.

Response:

31. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff regarding the terms of employment with you.

Response:

32. Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person regarding Plaintiff and the terms of employment with you.

Response:

33. Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person concerning the subject matter of this suit, including, but not limited to, allegations you discriminated against employees on the basis of sex, sexual harassment, and/or retaliated against employees.

Response:

34. If you have entered into a settlement agreement with any party or nonparty to this lawsuit regarding the allegations in this lawsuit, produce that settlement agreement.

Response:

35. Produce any and all insurance policies that you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

36. Produce any and all contractual indemnity agreements you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

18

37.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding complaints by any persons about Plaintiff, including performance of jobs.

Response:

38.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding all meetings with Plaintiff regarding job performance, includes the notes.

Response:

39.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding the reasons why you hired Plaintiff.

Response:

40.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any contention that you discriminated and/or retaliated against employees and former employees.

Response:

41.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any contention that Samuel Escandon discriminated against, sexually harassed, and/or retaliated against employees and former employees.

Response:

42.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any allegation that Samuel Escandon engaged in sexual harassment.

Response:

43.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any complaint against Samuel Escandon, including by any current or former employee of yours and any customer of yours.

Response:

44.  Produce all investigations, reports, or audits of your employment practices in El Paso, Texas.

Response:

19

45. If you contend that Plaintiff was not qualified to perform the duties of the job held by Plaintiff while working for you, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding such contention.

Response:

46. Provide all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or evidencing any investigation of Samuel Escandon by you or anyone acting on your behalf, except those documents covered by the attorney-client privilege.

Response:

47. Produce all "Charges of Discrimination" from the EEOC and the Texas Workforce Commission Civil Rights Division naming you, and/or Samuel Escandon.

Response:

48. Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or supporting each of your affirmative defenses.

Response:

49. If you contend any of Plaintiff;s allegations are false, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or supporting such contention.

Response:

Respectfully submitted,

BRETT DUKE, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912
(915) 875-0003
(915) 875-0004 (facsímile)
brettduke@brettduke.com

/s/ Brett Duke
Brett Duke

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

20

/s/ Daniela Labinoti
Daniela Labinoti

21

IN THE 205TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MORGAN MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-1348 |
| | § | |
| SAMUEL ESCONDON, | § | |
| HGS HEALTHCARE, LLC, AND | § | |
| HINDUJA GLOBAL SOLUTIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS HGS HEALTHCARE, LLC'S AND HINDUJA GLOBAL SOLUTIONS, INC.'S ORIGINAL ANSWER

Defendants HGS Healthcare, LLC and Hinduja Global Solutions, Inc.[1] (collectively, "Defendants") answer Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1.      Defendants deny all allegations in Plaintiff's Original Petition.

2.      Defendants reserve the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3.      Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

4.      The Court lacks jurisdiction over some or all of Plaintiff's claims.

5.      Plaintiff has failed to exhaust her administrative remedies.

6.      Plaintiff's claims are barred by the applicable statute of limitations.

7.      To the extent that Plaintiff seeks to recover for claims not raised in an underlying charge of discrimination or claims not timely filed in her charge, Plaintiff's claims are barred.

---

[1] The only correct entity is HGS Healthcare, LLC. Hinduja Global Solutions, Inc. did not employ Plaintiff.

1760472v.1 19257/01300

8.      All employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

9.      To the extent that Plaintiff may be able to prove that an improper motive was a factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

10.     Defendants engaged in good faith and reasonable efforts to prevent and promptly correct harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants.

11.     Plaintiff's claims for damages are subject to the statutory caps set forth in Chapter 41 of the Texas Civil Practices and Remedies Code.

12.     Plaintiff's claims for damages are subject to the caps set forth in Chapter 21 of the Texas Labor Code.

13.     Plaintiff's common law claim against Defendants is preempted by Chapter 21 of the Texas Labor Code.

14.     Plaintiff's common law claim against Defendants is barred by the workers' compensation exclusivity bar.

15.     Plaintiff has failed to mitigate her damages.

16.     Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendants request that Plaintiff take nothing by this action and that Defendants receive all relief to which they are entitled.

2

1760472v.1 19257/01300

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
(915) 533-4424
(915) 546-5360 (Fax)

By:     */s/ Clara B. Burns*
    CLARA B. BURNS
    State Bar No. 03443600.
    Clara.Burns@kempsmith.com
    JOSE A. GONZALEZ
    State Bar No. 24067670
    Abe.Gonzalez@kempsmith.com

Attorneys for Defendants HGS Healthcare, LLC and
Hinduja Global Solutions, Inc.

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Brett Duke, Brett Duke, P.C., 6350 Escondido Dr., Ste. A-14, El Paso, Texas 79912 and Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., 707 Myrtle, El Paso, Texas 79901 on the 18th day of May, 2020.

☐  Regular Mail, Postage Prepaid
☐  Hand Delivery
X  Certified Mail, Return Receipt Requested
☐  Electronic Transmission:  brettduke@brettduke.com
           daniela@labinotilaw.com
☐  Facsimile Transmission:

       */s/ Jose A. Gonzalez*
       JOSE A. GONZALEZ

3